JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Arace, Barbara Arace, John Battie, Caroline Smith and Sharon Mack

## DEFENDANTS
Waste Management of Pennsylvania, Inc.

**(b)** County of Residence of First Listed Plaintiff  Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin S. Riechelson, Esquire, Kamensky Cohen & Riechelson, 194 South Broad Street, Trenton, New Jersey 08608, (609) 394-8585

Steven D. Liddle, Esquire, Liddle & Dubin, P.C., 975 E. Jefferson Avenue, Detroit, Michigan 48207, (313) 392-0025

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☒ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1322(d)(2)(a), 1332(d)(3), 1332(d)(4)
Brief description of cause:
Class Action - Odor/Trespass

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 15,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  12/10/14
SIGNATURE OF ATTORNEY OF RECORD  *Riechl*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Robert Grace, Barbara Grace,
John Batte, Carolyn Smith and
Sharon Mack
v.

Waste Management of PA

**CIVIL ACTION**

**NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( ✓ )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 12/10/14 | Kevin S. Knedelson | Plaintiffs. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 609-394-8585 | 609-394-8690 | Knedelson@kerlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT ARACE, BARBARA ARACE,            )
JOHN BATTIE, CAROLINE SMITH,            )
and SHARON MACK, on behalf of           )
themselves and all others similarly situated,   )
                                        ) Case No.
Plaintiffs,                             )
                                        )
vs.                                     )
                                        )
WASTE MANAGEMENT OF                     )
PENNSYLVANIA, INC, a Pennsylvania       )
Corporation                             )
                                        )
Defendant.                              )
                                        )

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.      Plaintiffs bring this class action against Waste Management of Pennsylvania, Inc. ("Defendant"). Defendant owns and operates the municipal solid waste landfill known as the Tullytown Resource Recovery Facility, which releases pollutants, air contaminants, and noxious odors, causing material injury to Plaintiffs' property through negligence, gross negligence and nuisance.

### PARTIES

2.      Plaintiffs, Robert Arace and Barbara Arace reside at 27 Applegate Dr., Florence, New Jersey.

3.      Plaintiff John Battie, resides at 42 W. Front St, Florence, New Jersey.

4.      Plaintiff, Caroline Smith resides at 203 Boulevard Street, Florence, New Jersey.

5.      Plaintiff, Sharon Mack resides at 216 Dogwood Dr., Levittown, Pennsylvania.

6.     At all relevant times hereto, Defendant, Waste Management of Pennsylvania Inc., has been a Pennsylvania business corporation. Defendant, its agents, and its predecessors constructed, operate and/or maintain the Tullytown Resource Recovery Facility, located at 200 Bordentown Road, Tullytown, Bucks County, Pennsylvania.

7.     At all relevant times herein, Defendant, its agents and its predecessors did and do business in Tullytown, Pennsylvania. There existed and exists a unity of interest and ownership between each of them, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction under 28 U.S.C. §1332(d)(2)(a), §1332(d)(3), an §1332(d)(4) . Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and less than two thirds of the members of the putative class are citizens of the state of Pennsylvania, where Defendant is a citizen. Venue is proper in this Court under 28 U.S.C. 1391(b)(2),   because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

9.     On recurrent and intermittent occasions, Plaintiffs' property including Plaintiffs' neighborhoods, residences and yards have been and continue to be physically invaded by noxious odors, pollutants and air contaminants.

10.     The noxious odors, pollutants, and air contaminants which entered Plaintiffs' property originated from the Tullytown Resource Recovery Facility located at 200 Bordentown Road, Tullytown, Bucks County, Pennsylvania ( "the landfill").

11.     It is Plaintiffs' informed belief that Defendant either constructed or directed the construction of the facilities and exercised control and/or ownership over the landfill.

12.     The Pennsylvania Department of Environmental Protection has received numerous complaints from residents concerning the noxious odors emitted from Defendants' landfill

13.     The Defendant has received at least one Notice of Violation from the Department of Environmental Protection due to its emission of odors.

14.     The invasion of Plaintiffs' property by pollutants, noxious odors, and air contaminants has caused Plaintiffs to suffer injuries including, but not limited to, exposure to pollutants, horrific odors, and air contaminants.

15.     The invasion of Plaintiffs' property by pollutants, noxious odors, and air contaminants has interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $5,000,000.

16.     Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and/or operate the landfill, and caused the invasion of Plaintiffs' property by noxious odors, air contaminants, and other airborne pollutants on intermittent and reoccurring dates.

17.     Defendants are vicariously liable for all damages suffered by Plaintiffs, caused by Defendants' employees, representatives and agents, who, during the course and scope of their employment, allowed or failed to correct the problem(s) which caused noxious odors, and air contaminants to physically invade Plaintiffs' property.

## CLASS ALLEGATIONS

### A.     Definition of the Class

18.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

**All owner/occupants and renters of residential property within a 3 mile radius of the Tullytown Resource Recovery Facility.**

Excluded from the Class are Defendants and their affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons. Plaintiffs reserve the right to modify the class definition and/or propose one or more subclasses if discovery reveals such modifications are appropriate.

**B.    Numerosity**

19.    Upon information and belief, there are thousands of residents within a 3 mile radius of the landfill. Accordingly, the members of the Class are so numerous that joinder of all parties is impracticable.

**C.    Commonality**

20.    Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

      a.    whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to construct, maintain and/or operate the landfill;

      b.    whether Defendant owed any duties to Plaintiffs;

      c.    which duties Defendant owed to Plaintiffs;

      d.    the way in which the landfill's odors were dispersed over the class area;

      e.    whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and/or operate the landfill would result in an invasion of Plaintiffs' possessory interests;

      f.    whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

      g.    the proper measure of damages incurred by Plaintiffs and the Class.

**D.     Typicality**

21.     Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class.  If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same legal theories and seek the same type of relief.

22.     The claims of Plaintiffs and the other Class members have a common origin and share a common basis.  The claims originate from the same failure of the Defendant to properly construct, maintain and/or operate the landfill.

23.     All Class members have suffered injury in fact resulting in the loss of property value by reason of Defendant's failure to properly construct, maintain and/or operate the landfill.

**E.     Adequacy of Representation**

24.     Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class.  Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

25.     Plaintiffs have retained the services of counsel, who are experienced in complex class action litigation, and in particular class actions involving odors, including those from landfills. Plaintiffs' counsel will adequately prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

26.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

        a.  Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## CAUSES OF ACTION I AND II
### PUBLIC AND PRIVATE NUISANCE

27.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

28.     The noxious odors, pollutants, and air contaminants which entered Plaintiffs' property originated from the landfill constructed, maintained and/or operated by Defendants.

29.     The odors, pollutants and air contaminants invading Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and/or property, including in but not limited to the following ways:

a. causing Plaintiffs to remain inside their homes and forego use of their yards;

b. causing Plaintiffs to keep doors and windows closed when weather conditions otherwise would not so require; and

c. causing Plaintiffs embarrassment and reluctance to invite guests to their homes.

30.     Defendant owed and continues to owe a duty to Plaintiffs to take positive action to prevent and/or abate the interference with the the invasion of the private interests of the Plaintiffs.

31.     By constructing and then failing to reasonably repair and/or maintain its landfill, Defendants have negligently created an unreasonable risk of foreseeable harm by causing the

invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

32.     As a foreseeable, direct and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered injuries and damages to their property as alleged herein.

33.     The injuries and damages suffered by Plaintiffs are specially injurious to themselves because they uniquely suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

34.     Plaintiffs did not consent for noxious odors, pollutants and air contaminants to enter and settle upon their land and property.

35.     By causing noxious odors, pollutants, and air contaminants produced and controlled by Defendants to physically invade Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

36.     Whatever social utility Defendant's landfill provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

37.     Defendants' substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendants actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSE OF ACTION III

### NEGLIGENCE/GROSS NEGLIGENCE

38.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

39.     On occasions too numerous to mention, Defendant negligently and improperly constructed, maintained and/or operated the landfill  such that it caused the emission of noxious odors, pollutants, and air contaminants onto Plaintiffs' homes, land and property.

40.     As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and/or operating the landfill, Plaintiffs' property, on occasions too numerous to mention, was invaded by noxious odors, pollutants, and air contaminants.

41.     As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

42.     The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

43.     By failing to properly construct, maintain and/or operate its landfill, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors, pollutants, noise, dust, debris and air contaminants would not invade Plaintiffs' property.

44.     A properly constructed, operated, and maintained landfill will not emit substantial odors and/or air pollutants into neighboring residential areas.

45.     By failing to construct, maintain and/or operate its landfill, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

46.     Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated the landfill and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors, pollutants, and air contaminants.

47.     As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors, pollutants, and air contaminants.

48.     The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors, pollutants, and air contaminants to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs.

49.     Defendants' gross negligence was malicious and made with a wanton or reckless disregard for the lives, safety or property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.     Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.     Designation of Plaintiffs as representative of the proposed Class and designation of their counsel as Class counsel;

C.     Judgment in favor of Plaintiffs and the Class members and against Defendant;

D.     Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.     An Order holding that entrance of the aforementioned odors upon Plaintiffs' property constituted a nuisance;

F.     Temporary, preliminary, and permanent orders for injunctive relief requiring Defendants to expeditiously repair or correct the operation of the facilities in a manner that is practically abatable and economically feasible as determined by Plaintiffs' expert, so that odors, pollutants, and air contaminants no longer invade Plaintiffs' property;

G.     Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.


Dated: December 10, 2014                    KAMENSKY COHEN & RIECHELSON

                                            KEVIN S. RIECHELSON
                                            Kamensky, Cohen & Riechelson
                                            194 S. Broad St.
                                            Trenton, NJ 08608
                                            (609)394-8585

                                            Attorneys for Plaintiffs


                                            LIDDLE & DUBIN, P.C.
                                            Steven D. Liddle *(Pro Hac Vice to be filed)*
                                            Nicholas A. Coulson *(Pro Hac Vice to be filed)*
                                            975 E. Jefferson Avenue
                                            Detroit, Michigan  48207
                                            (313) 392-0025

                                            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 2014

By: _____